UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, | X : : |
| Plaintiffs, | : : |
| - against - | :   **COMPLAINT** : |
| U.S. DEPARTMENT OF JUSTICE, | : |
| Defendant. | : : X |

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their undersigned attorneys, allege for their Complaint:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain an order for the production of agency records from Defendant in response to a FOIA request properly made by Plaintiffs.

2. The Foreign Intelligence Surveillance Court ("FISC") is a federal court authorized to review government requests for certain types of electronic surveillance orders pursuant to 50 U.S.C. §§ 1801-1813, 1871(e)(1).

3. The FISC was created by the Foreign Intelligence Surveillance Act of 1978 ("FISA"), Pub. L. No. 95-511, 92 Stat. 1783. *See* 50 U.S.C. § 1803(a).

4. Although FISC orders generally are not publicly disclosed, *id.* § 1803(c), Congress, in 2015, amended FISA to expand public access to the FISC's legal analysis. *See* USA

1

FREEDOM Act, Pub. L. No. 114-23, § 402(a), 129 Stat. 268, 281-82 (codified at 50 U.S.C. § 1872).

5. In particular, the amendment requires the Director of National Intelligence and the Attorney General to work together to declassify and make publicly available, to the greatest extent practicable, any FISC "decision, order, or opinion" that "includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'special selection term.'" 50 U.S.C. § 1872(a)-(b).

6. The government may waive that requirement under certain circumstances, but it must then produce and make publicly available a summary of the significant legal interpretation. *Id.* § 1872(c).

7. The request at issue in this action, filed by Plaintiffs in October 2016, seeks the disclosure of records pertaining to a single FISC case involving Yahoo.

8. In that case, the FISC ordered Yahoo to modify its email scanning systems to search for a particular cyber-identifier. *See* Charlie Savage & Nicole Perlroth, *Yahoo Said to Have Adapted Email Scanner to Aid U.S. Surveillance*, N.Y. TIMES, Oct. 6, 2016, at B1, *available at* http://nyti.ms/2dFsC0q; Joseph Menn, *Yahoo Secretly Scanned Customer Emails for U.S. Intelligence*, REUTERS, Oct. 4, 2016, *available at* http://reut.rs/2dGeeRM.

9. The U.S. Department of Justice ("DOJ") failed to respond to the request in 20 business days, as required under FOIA. *See* 5 U.S.C. § 552(a)(6)(A).

## PARTIES

10. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, in Manhattan.

2

11. Plaintiff Charlie Savage is a reporter for *The New York Times* and an employee of The New York Times Company.

12. Defendant DOJ is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

14. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

15. Plaintiffs have exhausted all administrative remedies available. Defendant has failed to make an initial determination within the time frame set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

16. The documents sought by the FOIA request at issue relate to Plaintiffs' ongoing reporting on the workings of the FISC and the intersection between the U.S. technology sector and the federal government's domestic surveillance efforts.

17. On October 5, 2016, Plaintiffs submitted a FOIA Request to DOJ's National Security Division, seeking "documents from the [FISC] docket in the case that resulted in an order to Yahoo in or about 2015 directing it to use its email scanning systems to search for a cyber-identifier."

18. DOJ acknowledged the request on October 19, 2016.

#61168v1

19. DOJ has failed to issue a response to the request within 20 business days, as required under FOIA.

## COUNT I

20. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

21. Defendant DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

22. DOJ failed to act on Plaintiffs' request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A).  Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

23. DOJ has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

24. Accordingly, Plaintiffs are entitled to an order compelling DOJ to produce the documents sought by their request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

25. Declare that the documents sought by their request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

26. Order DOJ to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

27. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

28. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
January 4, 2017

_____/s/_____
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccrad@nytimes.com
*Counsel for Plaintiffs*

5

#61168v1